UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Sue Ellen Brown,                                        Case No. 3:14-cv-01462

             Plaintiff

     v.

                                                       ORDER

Commissioner of Social Security,

             Defendant


        Plaintiff  Sue Ellen Brown appeals the decision of an Administrative Law Judge ("ALJ")

denying her application for a period of disability determination, disability insurance benefits, and

supplemental security income.  Following a referral pursuant to Local Rule 72.2(b)(1), Magistrate

Judge Nancy Vecchiarelli issued a report and recommendation, recommending I affirm the ALJ's

decision and dismiss Brown's complaint.  (Doc. No. 15).  Brown filed objections to Magistrate Judge

Vecchiarelli's report and recommendation.  (Doc. No. 18).  For the reasons stated below, I overrule

Brown's objections, adopt the report and recommendation, and affirm the Commissioner's decision.

        An individual who applies for Social Security benefits may seek judicial review of a final

decision of the Commissioner.  42 U.S.C. § 405(g).  A district court must affirm the Commissioner's

decision unless the court concludes the Commissioner did not apply the correct legal standard or

made findings of fact which are not supported by substantial evidence.  *Longworth v. Comm'r of Soc.

Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)).  Substantial evidence means "relevant evidence [which] a

reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec. of Health & Human Servs.*, 25 F.3d 284, 286 (6th

Cir. 1994)).  After a report and recommendation has been issued, the district court reviews de novo

"those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  A plaintiff waives her right to review of the remaining portions of a report and recommendation to which she did not specifically object.  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

Brown asserts I should reject Magistrate Judge Vecchiarelli's report and recommendation because the ALJ failed to identify "specific jobs that exist in 'significant numbers' in the national economy" and failed "to fully factually develop and apply the *Hall* [*v. Bowen*, 837 F.2d 272 (6th Cir. 1988)] factors."  (Doc. No. 18 at 2).  The ALJ adopted the testimony of a vocational expert that Brown "would be able to perform the requirements of representative occupations such as inspector . . . with [4,000] jobs in the State of Ohio and lobby attendant . . . with [2,000] jobs in the State of Ohio."  (Doc. No. 12 at 94).  Brown contends this testimony is insufficient because it does not identify the number of these jobs in the United States, and does not address where the jobs are in Ohio, the potentially-isolated nature of those jobs, or their distance from Brown's home.  (Doc. No. 18 at 3-4).  I conclude Brown's objections are without merit.

Under the Social Security Act, "work which exists in the national economy means work which exists in significant numbers either in the region where [the applicant] lives or in several regions of the country."  42 U.S.C. § 423(d)(2)(A).  The Social Security Act gives the Commissioner "sufficient latitude to treat an entire state as the region to be considered."  *Pollice v. Sec'y of Health and Human Servs.*, 843 F.2d 1392, at *1 (6th Cir. 1988) (table decision) (holding "the Secretary did not err in considering the number of jobs existing in the entire State of Michigan").  The Sixth Circuit previously has held that fewer than 4,000 jobs in the State of Tennessee constituted a significant number of jobs in the national economy.  *Wright v. Massanari*, 321 F.3d 611 (6th Cir. 2003).

The *Hall* factors are "suggestions only" and an ALJ does not need to "explicitly consider each factor."  *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999).  Moreover, the full text of the ALJ's decision demonstrates the ALJ considered the level of Brown's disability, the reliability of her

testimony, the reliability of the vocational expert's testimony, and the types and availability of the identified positions within the State of Ohio. *See Hall*, 837 F.2d at 275.

For these reasons, I overrule Brown's objections, adopt the Magistrate Judge's report and recommendation, and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge